IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 3:00-CV-0250-P |
| RSR CORPORATION et al, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are RSR Corporation et al.'s ("RSR") Motion to Reopen and for further Relief under 28 U.S.C. § 2202, filed March 7, 2006 and International Insurance Company's ("International") Motion for Leave to File Plaintiff's Fourth Amended Complaint for Declaratory Judgment, filed March 30, 2006. After careful consideration of the Parties' briefing and the applicable law, the Court hereby GRANTS RSR's Motion and GRANTS in part International's Motion.

## BACKGROUND

This case involved two separate claims for insurance coverage; one involving the West Dallas site and the other involving the Harbor Island site. With respect to the West Dallas claim, there was no trial. The Court resolved all outstanding issues in a summary judgment order on October 11, 2001. At the beginning of trial in August 2001, International raised some additional defenses it wanted to pursue with respect to OU1 of the West Dallas site. The Court severed the West Dallas claim from the Harbor Island claim, and permitted the Parties to file a second round of summary judgment briefing on those West Dallas defenses. Both Parties moved for summary

1

judgment on those defenses and the Court issued an order on March 27, 2002. In its order, the Court held that battery-chip contamination is excluded under the policies, but air-deposition contamination is covered. The Court held in a subsequent order and judgment dated July 2, 2003 that International is obligated to provide coverage for all portions of the OU1 claim *except* those based solely on battery-chip contamination. That order and judgment was amended on October 17, 2003. It was that judgment that International appealed to the Fifth Circuit. The Fifth Circuit affirmed this Court's ruling, finding International liable to RSR for cleanup costs at the OU1 site.

In August 2001, the Parties went to trial on the Harbor Island claim to resolve certain coverage issues related to that site. After the jury rendered its verdict, the Court entered judgment for RSR on the Harbor Island claim on October 25, 2001, declaring International liable to RSR under the relevant insurance policies for remediation costs and expenses "that RSR is or becomes obligated to pay to the [EPA] with respect to the EPA's remediation activity at the Harbor Island site. . . to the extent such remediation costs and expenses are covered by" the relevant policies. International appealed the Court's judgment, and the Fifth Circuit affirmed it on September 19, 2005.

## MOTION TO REOPEN CASE

RSR has filed a motion to reopen the West Dallas portion of the case pursuant to 28 U.S.C. § 2202 so that it may collect the remaining limits of the West Dallas policy, which RSR maintains it is owed in light of the Court's ruling that RSR is entitled to coverage on the West Dallas claim. RSR contends that its cleanup obligations at OU1 related to contamination caused by airborne emissions from RSR's smelter operations far exceeded the $5.8 million policy limits and therefore, RSR is therefore entitled to payment by International of that amount.

2

International argues that the motion should be denied because disputes remain between the parties with respect to damages, specifically - the application of certain exclusions. International seeks to amend its complaint to include those exclusions.

The Federal Declaratory Judgment Act, 22 U.S.C. § 2202, provides that after entry of a declaratory judgment, a party may move for "further relief," including monetary damages, to effectuate a prior declaratory judgment. This allows the Court, upon a prevailing party's motion, to supplement the original judgment with an award of damages.

In this case, the Court entered a judgment for RSR declaring that International is liable under the relevant policies with respect to remediation costs and expenses resulting from the EPA's cleanup at OU1 of the West Dallas site for contamination caused by airborne emissions from RSR's smelter operations. RSR contends that it has incurred millions of dollars in remediation costs related to airborne lead deposition at OU1. Under § 2202, the Court may order International to make the reimbursement payments to which RSR is entitled under the relevant policies and pursuant to the Court's prior declaratory judgment.

Therefore, the Court hereby GRANTS RSR's motion to reopen the West Dallas portion of the case. In order for the Court to determine the amount of further relief to which RSR is entitled, at least two issues must be resolved: (1) the allocation between battery chip and airborne pollution and (2) the amounts of offsets and credits from other insurance sources.

**MOTION FOR LEAVE TO AMEND**

International seeks leave to amend its Complaint to add certain defenses to RSR's claims for indemnification on both the Harbor Island and West Dallas sites. RSR responds by arguing that

3

International's defenses have been waived because they could have and should have been raised earlier.

## HARBOR ISLAND

The first issue the Court must determine is whether International is entitled to amend its Complaint with respect to the Harbor Island claim when the Harbor Island judgment was not reopened by RSR under §2202. The Harbor Island trial was limited in its scope to the issue of whether a claim was properly made by RSR. (Trial Tr. 34, 42, 44.)

On October 25, 2001, after the jury verdict was rendered, the Court entered a Rule 54(b) partial final judgment declaring that International is liable to RSR under the relevant insurance policies for remediation costs and expenses "that RSR is or becomes obligated to pay to the [EPA] with respect to the EPA's remediation activity at the Harbor Island site. . . to the extent such remediation costs and expenses are covered by" the relevant policies. The Court also determined that the EPA made a claim against RSR, that RSR did not waive its right to coverage with respect to the Harbor Island site, that RSR's Harbor Island lawsuit against International is not barred by the statute of limitations, and that RSR take nothing from its common-law bad faith and Texas Insurance Code claims against International.

The Parties agreed on the morning of trial that they would try a discrete set of coverage issues, while reserving other unripe coverage and damages issues for future resolution. (Trial Tr. at 30-53.) International now seeks to amend its Complaint to add new coverage and damages defenses that were not ripe at the time of trial in 2001.

After a review of the trial transcript, there is no doubt the Parties and the Court expected certain unripe coverage and damages issues to be resolved at a later date. This expectation was

4

reflected in the Court's Rule 54(b) order where it states that International is liable to RSR for remediation costs and expenses "to the extent such remediation costs and expenses are covered by" the relevant policies. Moreover, the interests of judicial efficiency and economy will be promoted by having these issues resolved by this Court, which is familiar with this case's long history. For these reasons, the Court will allow International to amend its Complaint.

The Court must next determine whether International is permitted to amend its Complaint to add these particular coverage and damages defenses with respect to Harbor Island. As explained *supra*, the Court severed the Harbor Island claims from the West Dallas claims immediately prior to the beginning of trial in August 2001. The Court emphasized that International must try any and all issues that could have and should have been raised with respect to Harbor Island. The Court explained that it did not want to piecemeal this case any more than absolutely necessary. The Court also directed International to present all of its existing defenses to coverage at that time.

International identified its trial defenses as (1) whether the claim was timely made; (2) whether RSR waived coverage; and (3) whether the applicable statute of limitations barred RSR's claims. (Trial Tr. at 51-53.) However, the Parties did agree to reserve certain issues for future litigation and resolution. The Court must determine whether the defenses/exclusions International seeks to add could have and should have been raised at trial or whether they were expressly reserved for future resolution.

### 1. Insuring Agreement 1 Does Not Apply.

International seeks to amend its pleading by seeking a declaration that Insuring Agreement 1 is inapplicable to the claim because Insuring Agreement 3 is the exclusive policy provision concerning recovery for cleanup costs. It also seeks to amend its pleading to assert that there may

5

be no coverage for the Harbor Island settlement under Insuring Agreement 3 and that, to the extent there is no coverage under Insuring Agreements 1 or 3 for the Harbor Island settlement, coverage may be limited or nonexistent under Insuring Agreement 4. The Fifth Circuit has already determined that coverage was available for the Harbor Island claim under Insuring Agreement 1. *See International Ins. Co. v. RSR Corp.,* 426 F.2d 281, 288-89 (5th Cir. 2005). Therefore, any argument as to what is covered under Insuring Agreement 3 is moot.

The Court also denies International's request for declarations that there may be no coverage for the Harbor Island settlement under Insuring Agreement 3 and that, to the extent there is no coverage under Insuring Agreements 1 or 3 for the Harbor Island settlement, coverage may be limited or nonexistent under Insuring Agreement 4. These issues could have and should have been raised at the time of trial. The Court sees no reason to reopen these issues for further litigation.

  **2.**  **Exclusion 12 for Pre-existing Contamination.**

International seeks to amend its complaint to invoke Exclusion 12 of the policy, which precludes coverage for costs incurred in cleaning up pre-existing contamination at premises owned, leased, or rented by RSR. RSR argues that this issue could have and should have been tried in the August 2001 trial.

The record establishes that counsel for both International and RSR agreed at the time of trial to postpone testimony and resolution of the precise issue. (Trial Tr. at 37, 44.) In order to satisfy the Parties' expectation on this issue, the Court will allow International to amend its Complaint to add this particular coverage defense.

### 3. Exclusion 8 for Accidental and Sudden Happenings.

International also seeks to add a request for a declaration that Exclusion 8 may bar coverage with respect to the Harbor Island claim if RSR's liability arose from environmental impairment caused by sudden and accidental happenings. RSR argues that International could have and should have raised this exclusion at trial.

The record establishes that counsel for both International and RSR agreed at the time of trial that the issue of whether any damages were attributable to a sudden or accidental occurrence would be reserved for future determination. (Trial Tr. at 37, 55.) In order to satisfy the Parties' expectation on this issue, the Court will allow International to amend its Complaint to add this particular coverage defense.

### 4. Condition 8 for Offsets and Credits.

International seeks to amend its complaint to invoke Condition 8 of the relevant policy, which specifies that International is not liable where the loss is recoverable under other insurance and that the relevant policy takes effect only to the extent of any excess over such other insurance. RSR argues that International could have and should have raised this defense at the time of trial.

The record establishes that counsel for both International and RSR agreed at the time of trial that the issue of payment of damages would be reserved for later resolution. (Trial Tr. at 37-39.) International contends that the credits and offsets to be applied as the result of RSR's receipt of significant sums from its other insurance carriers are a necessary part of the damages phase of this case. The Court agrees that this damages issue has only recently become ripe and could not have been resolved earlier. This amendment will be allowed.

5.      **Covered and Non-Covered Costs and Expenses.**

International seeks a declaration that RSR must allocate between covered and non-covered damages with respect to the Harbor Island EPA settlement, pursuant to Interpretation 1. RSR argues that International could have and should have raised this defense at the time of trial.

Because the Parties agreed at the time of trial to reserve damages issues for a later date, and because this amendment concerns the allocation of damages, the Court will allow International to add this amendment to its Complaint.

## **WEST DALLAS**

RSR argues that International should not be permitted to amend its Complaint with respect to the West Dallas portion of the case because all defenses and exclusions could have and should have been raised earlier. International argues that the fact that it did not move for summary judgment on certain coverage defenses with respect to the West Dallas claim should not should preclude it from asserting those defenses now.

While the Court's summary judgment ruling and subsequent entry of judgment were interlocutory and partial in nature, the orders were intended to resolve *all* coverage/liability issues involving the West Dallas site, while preserving the issue of damages for later resolution. The Partial Final Judgment of October 17, 2003 provides that International is "obligated . . . to indemnify and/or reimburse [RSR] for costs and expenses that Defendants are or will become legally obligated to pay to the State of Texas or the U.S. Government for the EPA's cleanup of contamination at 'Operable Unit 1' of the West Dallas site in Dallas, Texas." The Partial Final Judgment also states the claims for which International is not liable. This Partial Final Judgment

was intended to close all West Dallas liability issues that could and should have been timely raised in accordance with the Court's scheduling order.

The Parties apparently understood that the Court intended the second summary judgment ruling to resolve all coverage/liability issues, as International indicated in its second motion for summary judgment when it stated that

> "[t]he Court has previously granted summary judgment resolving the coverage issues with respect to the EPA's claims relating to OU2 through 5 of the RSR West Dallas Site. The Court's rulings did not resolve the issues relating to coverage for the EPA's claims arising from Operable Unit 1, upon which both International and RSR seek declaratory relief. In particular, there remain outstanding issues as to whether exclusions 7(a) and 12(c) preclude coverage for the EPA's claim."

(Doc. 169 at 1-2.)

From this language, the Court concludes that International intended its second summary judgment motion to "resolv[e] the coverage issues with respect to" OU1. International specified that the remaining outstanding issues concerning OU1 involved exclusions 7(a) and 12(c). There is no indication that International intended to raise other coverage exclusions at a later date through yet another motion. Furthermore, the scheduling order deadline for filing summary judgment motions has long passed.

Likewise, when International appeared before the Court on the morning of trial asking to file a second summary judgment motion to resolve the coverage issues for OU1, it never suggested that there remained additional non-summary-judgment-worthy exclusions/defenses. Had that been the case, International should have been prepared to go to trial on those exclusions/defenses. The Court made clear several times during the trial proceedings that it wanted to try everything that could have

9

and should have been raised at that time. At no time did International indicate it was prepared to go to trial on those exclusions/defenses.

Similarly, International failed to raise these exclusions in its response to RSR's motion for summary judgment. RSR filed a motion for summary judgment seeking a declaration that coverage existed with respect to the OU1 site. International responded by arguing that RSR was not entitled to coverage for two reasons: application of exclusions 7(a) and 12(c). Again, the Court presumed that International asserted all relevant exclusions/defenses to coverage of the OU1 site in its response, as was its duty. Nowhere did International suggest that it intended to assert new bases for denying coverage if these arguments did not persuade the Court. The Court assumed that International, while moving for and responding to summary judgment, would assert all coverage defenses it had.

As International is no doubt aware, the judicial system - in order to move efficiently and effectively - encourages litigation to be tried as a whole. It discourages piecemeal litigation and discourages parties from raising claims or defenses serially. Procedural rules are established to provide litigants, their counsel, and the courts with some sense of order and predictability by allowing parties to have the expectation (within reason) that once an issue has been litigated, it has been litigated fully. Procedural rules have been established to prevent piecemeal litigation, such as this. For example, Local Rule 56.2(b) of this Court prohibits a party from filing more than one motion for summary judgment motion without Court approval. This rule is intended to encourage parties to resolve all dispositive claims and defenses at once. That the Court permitted International to file a second summary judgment motion on two new exclusions did not mean that International

would be allowed to assert new exclusions *ad infinitum* until it achieved a successful resolution.[1] There was nothing in the Court's Scheduling Order or in the Court's discussions with the Parties that indicated that this case would be piecemealed any more than what was discussed on the morning of trial.

Therefore, the Court concludes that International is precluded from amending its Complaint to add coverage exclusions for OU1 that it failed to mention or raise in either of its two summary judgment motions, in its response to RSR's summary judgment motion, or at trial. However, it may amend to add defenses relating to the issue of damages. Thus, the Court must determine whether the West Dallas amendments International seeks to add are waived coverage defenses or allowable damages defenses.

### 1. Insuring Agreement 1 Does Not Apply.

International seeks to amend its pleading by seeking a declaration that Insuring Agreement 1 is inapplicable because Insuring Agreement 3 is the exclusive policy provision concerning recovery for cleanup costs. It also seeks to amend its pleading to assert that there may be no coverage for the Harbor Island settlement under Insuring Agreement 3 and that, to the extent there is no coverage under Insuring Agreements 1 or 3 for the Harbor Island settlement, coverage may be limited or nonexistent under Insuring Agreement 4.

In this Court's summary judgment order of October 11, 2001, the Court found that Insuring Agreement 3 provided coverage in this case with respect to both the West Dallas and Harbor Island claims. International appealed the Harbor Island judgment and the Fifth Circuit found that coverage

---

[1] Another example of a rule designed to prevent piecemeal litigation is Rule 15, which prevents plaintiffs from abusing the system by unjustly amending their complaints to serially assert new claims.

for the Harbor Island claim was provided under Insuring Agreement 1. *See International Ins. Co. v. RSR Corp.,* 426 F.2d 281, 288-89 (5th Cir. 2005). The issue of whether Insuring Agreement 1 or 3 applied to the West Dallas site was not addressed in the West Dallas appeal. Yet RSR argues that the Court should apply the Fifth Circuit's ruling to the West Dallas claim as well.

International insists that "the discussion in the Fifth Circuit opinion on Harbor Island regarding the application of Insuring Agreement 1 is complete dicta." (Intel Br. at 8 n.1.) The Court disagrees. After a careful review of the Fifth Circuit's opinion, the Court concludes that the Fifth Circuit's ruling concerning the application of Insuring Agreement 1 is not only binding as a statement of law concerning Harbor Island, it also applies to West Dallas. The insurance policies covering the West Dallas site and the Harbor Island site were identical and therefore, the Fifth Circuit's ruling in the Harbor Island appeal controls both claims.

### 2. Exclusion 4 for Non-Compliance with Statutes.

International seeks to add a request for a declaration that Exclusion 4 may bar coverage with respect to the West Dallas claim if RSR has been cited for noncompliance with valid and applicable statutes. RSR argues, and this Court agrees, that this proposed amendment concerns the issue of liability, which has already been litigated and resolved. International offers no reason for waiting until now to raise this coverage defense/exclusion.

Although the issue of the applicability of Exclusion 4 may have been raised in International's Answer to RSR's Counterclaims and was listed as a disputed issue of fact in the Pretrial Order, at no time did International present the issue for resolution when the issue of coverage was before the Court for determination. International's argument that it should not be barred from raising this issue now simply because it did not include this defense in its summary judgment motion has been

12

discussed *supra*. For the reasons stated herein, International's request to file this amendment is hereby denied.

### 3. Exclusion 8 for Accidental and Sudden Happenings.

International seeks to add a request for a declaration that Exclusion 8 may bar coverage with respect to the West Dallas claim if RSR's liability arose from environmental impairment caused by sudden and accidental happenings. International argues that it could not have raised this defense earlier because the West Dallas claim between the EPA and RSR was not settled until after the West Dallas judgment was entered.

The EPA's claims against RSR had been made and were known by the Parties for some time prior to the issuance of this Court's judgment. The EPA conducted a thorough investigation into the contamination at OU1 in the early 1990s. The EPA initiated a removal action in 1991 to address contamination at two elementary schools, two church play areas, two community parks, a children's recreation facility, and 211 residential properties located at OU1. In June 1993, the EPA conducted a second removal action resulting in the cleanup of 202 residential properties. Upon completion of these removal actions at OU1, the EPA issued a Record of Decision on May 9, 1995. The Record of Decision outlined, among other things, the nature and extent of the pollution as well as the amount of damages the EPA was seeking to recover from RSR.

The Court is hard-pressed to believe that International was unable to obtain information about the sudden or accidental nature of the contamination at OU1 prior to the EPA/RSR settlement. By the time International filed its second summary judgment motion, the EPA had already conducted its investigation into the contamination at OU1, had issued its report, and had completed its cleanup. Certainly, International could have obtained information from the EPA concerning the

nature of the contamination before now. Because this issue could have and should have been raised earlier, the Court denies International request to add this exclusion.

### 4. Covered and Non-Covered Costs and Expenses.

International seeks to add a request for a declaration that RSR must allocate between covered and non-covered damages with respect to the West Dallas EPA settlement, pursuant to Interpretation 1. RSR argues that International could have and should have raised this liability defense earlier, when the issue of coverage was before the Court.

Because this amendment concerns the allocation of damages, not liability, the Court will allow International to amend its complaint to add this amendment.

### 5. Condition 8 for Offsets and Credits.

International also seeks to amend its Complaint to invoke Condition 8 of the policy, which specifies that International is not liable where the loss is recoverable under other insurance and that the policy takes effect only to the extent of any excess over such other insurance. RSR argues that International could have and should have raised this defense earlier, when the issue of coverage was before the Court.

The credits and offsets to be applied as the result of RSR's receipt of significant sums from its other insurance carriers are a necessary part of the damages phase of this case should be allowed.

## CONCLUSION

Therefore, for the reasons stated herein, the Court hereby GRANTS RSR's Motion to Reopen and GRANTS in part International's Motion for Leave to Amend. The Parties are hereby directed to submit a Joint Proposal for Scheduling Order regarding any discovery necessary on the

issues that have been reopened. The Parties should also include in their proposal a deadline for filing motions for summary judgment and a proposed trial date.

It is so ORDERED, this 8th day of February, 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE